**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAFAEL JOSE QUINTANA-ALINDATO,<br><br>Defendant. | CASE NO. 17cr1012-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>**[Dkt. 97, 112]** |
|---|---|

In 2017 Rafael Jose Quintana-Alindato ("Quintana") pled guilty to transporting aliens for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i). The Court imposed a total custodial sentence of 16 months, followed by 3 years of supervised release. Quintana violated the terms of supervised release and received an additional 16 months custody. He is scheduled to be released from Bureau of Prisons ("BOP") custody on June 30, 2021. He now moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) urging the Court to reduce his sentence to time served because he suffers from end-stage hepatic cirrhosis. Alternatively, he requests that he be allowed to serve the balance of his sentence in home confinement.

The Government opposes Quintana's motion, arguing that his medical condition *alone* does not constitute extraordinary and compelling reasons

warranting early release. The government downplays the risk that Quintana will contract COVID-19 correctly pointing out that although the virus initially spread through the federal prison system, BOP has since implemented comprehensive precautionary measures that have been effective in protecting inmates. The Government also maintains that early release poses a risk to the safety of the community, and that consideration of the 18 U.S.C. § 3553(a) factors weigh heavily against early release – especially the risk that Quintana will reoffend.

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a). *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). Circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction include "a serious physical or medical condition… that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I).

While the Court doesn't question Quintana's medical concerns, it finds that the § 3553(a) factors continue to support the imposition of his original sentence. Quintana's criminal record includes convictions for discharging a firearm with gross negligence, burglary of a dwelling, corporal injury to a spouse, vehicle theft, and arrests for numerous traffic violations. He has been affiliated with the "Cartel Arellano Felix" (CAF) gang, admitting in the past to being an associate of the gang and working for them. The need for deterrence under § 3553(a)(2)(B) and the need to protect the public under § 3553(a)(2)(C) are especially compelling here. Quintana's serious and lengthy criminal history weighs heavily against early release and predominates over considerations of Quintana's medical condition. Additionally, Quintana hasn't shown that USP

Victorville is unable to safeguard his health during the remainder of his sentence. To the contrary, the Court finds that Quintana's medical conditions can be appropriately managed by USP Victorville.

In sum, no "extraordinary and compelling reasons" have been demonstrated to warrant a reduction of sentence. Quintana's motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 5, 2021

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge